**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 08-01167-PHX-JAT |
| )<br>Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Sergio Raya-Baez, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the defendant's Motion for New Trial ("Motion"). (Doc. #64.) Defendant was convicted of Illegal Reentry After Deportation. For the reasons that follow, the Court denies the defendant's Motion.

**I.  BACKGROUND**

On October 7, 2008, the defendant was indicted on the charge of Illegal Reentry After Deportation in violation of 8 U.S.C. § 1326(a). (*Id.*) The government alleged that the defendant entered or was found near the District of Arizona on October 27, 2007, after being deported on December 13, 1996. (Doc. #65 at 2.)[1] Trial began on August 11, 2009, and ended on August 12, 2009. (*Id.* at 2.)

---

[1] Subsequently, the government obtained a superseding indictment for the same offense but changed the date to the more recent deportation of December 3, 2002. (Doc. #65 at 2.) Defendant did not file an objection. (*Id.*)

| | |
|---|---|
| 1 | At trial, the jury instructions recounted the law that the government was required to |
| 2 | prove beyond a reasonable doubt that the defendant was "deported from the United States." |
| 3 | (Doc. #62 at 13.) The government introduced, *inter alia*, Exhibit 6A ("Final Administrative |
| 4 | Removal Order") to prove the defendant's prior deportation. (Doc. #64 at 2.) The Final |
| 5 | Administrative Removal Order references the "Notice of Intent to Issue a Final |
| 6 | Administrative Removal Order." (Doc. #65 at 4-5.) In response, the defendant offered into |
| 7 | evidence the "Notice of Intent/Decision to Reinstate Prior Order" as Exhibit 11.[2] (*Id.* at 5.) |
| 8 | The government objected to the admission of Exhibit 11 and the court sustained the |
| 9 | objection. (*Id.*) The jury found the defendant guilty on August 12, 2009. (Doc. # 63.) A |
| 10 | motion for new trial pursuant to Federal Rule of Criminal Procedure 33 was timely filed on |
| 11 | August 18, 2009. (Doc. #64.) The government filed a Response to the defendant's Motion |
| 12 | for New Trial on August 28, 2009. (Doc. #65.) The defendant challenges the sufficiency of |
| 13 | the evidence in respect to the "deported" element of 8 U.S.C. § 1326(a). (Doc. #64 at 3.) |

## II.     LEGAL STANDARD

To prove an Illegal Reentry After Deportation offense, the government must prove (1) alienage, (2) prior deportation, and (3) reentry without permission. 8 U.S.C. § 1326 (2006); *United States v. Medina*, 236 F.3d 1028, 1030-31 (9th Cir. 2001). More specifically, to prove the element of "prior deportation" the government only needs to prove that deportation proceedings, in fact, took place and the defendant was physically deported as a result. *Id.* at 1031.

---

[2] The government points out, and the Court notes, that Exhibit 11 is not the same document as the one referenced in Exhibit 6A. Although the defendant refers to Exhibit 11 as the "Notice of Intent to Issue a Final Administrative Removal Order" in its motion, the defendant actually attached and attempted to introduce at trial the "Notice of Intent/Decision to Reinstate Prior Order." The Court has interpreted the defendant's argument to mean to refer to the actual document that is attached in its motion, the "Notice of Intent/Decision to Reinstate Prior Order."

To prevail on a motion for new trial under Rule 33, the defendant must show that a new trial is required "in the interest of justice." Fed. R. Crim. P. 33(a). Generally, the Ninth Circuit Court of Appeals has found a new trial to be appropriate only in exceptional cases involving a "miscarriage of justice" or situations where "the evidence preponderates heavily against the verdict." *United States v. Rush*, 749 F.2d 1369, 1371 (9th Cir. 1984). The evidence is sufficient to support the verdict if, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 1372.

### III. ANALYSIS

The defendant argues he is entitled to a new trial under Rule 33 because there was insufficient evidence to support his conviction. (Doc. #64 at 3.) The defendant challenges the sufficiency of evidence in regard to the prior deportation element of the offense. Because the defendant denies that this is an attempt to collaterally attack the legality of his prior deportation, the Court will turn to the evidence introduced to prove the prior deportation element of his § 1326(a) offense.[3] Thus, viewing the evidence in the light most favorable to the government, the Court must decide whether any rational trier of fact could have found the element of a prior deportation beyond a reasonable doubt.

To prove the element of "prior deportation," the government must show that deportation proceedings actually occurred. *Medina*, 236 F.3d at 1030-31.[4] Cases addressing

---

[3] The Court of Appeals has held that lawfulness of a prior deportation is not an element of the offense in an illegal reentry case. *United States v. Alvarado-Delgado*, 98 F.3d 492, 493 (9th Cir. 1996). Therefore, the government is not required to prove that the underlying deportation order was lawful. *United States v. Guiterrez-Alba*, 929 F. Supp. 1318 (D. Haw. 1996), *aff'd*, 128 F.3d 1324 (9th Cir. 1997).

[4] Although physical departure after deportation is also required to show the element of prior deportation, *United States v. Bahena-Cardenas*, 411 F.3d 1067, 1073 (9th Cir. 2005),

1 this issue have held that the government may rely on a Form I-205 ("Warrant of Deportation") to prove whether a deportation proceeding actually occurred. *Id.* at 1031; *see United States v. Hernandez-Rojas*, 617 F.2d 533, 534-35 (9th Cir. 1980) (warrant was properly admitted to prove prior deportation element of § 1326 violation); *see also United States v. Landeros-Mendez*, 206 F.3d 1354, 1357 (10th Cir. 2000) (holding evidence is sufficient to prove deportation proceedings occurred where government introduced Warrant of Deportation, but not an order of deportation, when it contained a photograph of the defendant, his fingerprint, and signatures of Immigration agents who fingerprinted him and witnessed his physical expulsion); *cf. United States v. Quezada,* 754 F.2d 1190, 1193-95 (5th Cir. 1985) (Warrant of Deportation sufficient to satisfy the "arrest" requirement of the previous version of § 1326).

In *Medina*, the court reasoned that when the government introduces an Order of Deportation or Warrant of Deportation to show that a deportation proceeding actually occurred, this type of circumstance does not also require the inappropriate reliance on factual findings from previous administrative proceedings. *Id.* at 1031. The court explained that the use of a deportation order or warrant is sufficient to prove the element of prior deportation because it "merely shows that the proceeding actually occurred." *Id.*[5]

Regarding the "prior deportation" element of a § 1326 offense, the defendant argues that the government failed to introduce sufficient evidence to prove that an actual deportation proceeding occurred. The Court finds that based on the evidence presented at trial, a reasonable juror could have concluded that the defendant's deportation proceeding, in fact, occurred. Specifically, at trial, the government introduced: (1) a Warrant of Deportation (Doc. #60, Ex. 4); (2) testimony of an Immigration official who witnessed the actual

---

neither party suggests this element was not satisfied.

[5] The Court notes that *Medina* emphasized that the use of a prior deportation would be prohibited if the deportation proceeding was fundamentally unfair and resulted in prejudice.

- 4 -

deportation and signed the Warrant of Deportation; (3) testimony of a fingerprint specialist confirming that the individual whose fingerprints appeared on the Warrant of Deportation were the same as the defendant's; and (4) an Affidavit of the defendant wherein he admitted to being previously deported. (Doc. #60, Ex. 6b.) Furthermore, relevant case law supports the Court finding that the government introduced sufficient evidence to satisfy the element of prior deportation. In *Medina*, the court specifically rejected the argument that the government is required to provide further evidence, other than a warrant or order, to prove the element of prior deportation. 236 F.3d at 1031. Here, the government not only introduced a Warrant of Deportation but it also introduced additional testimony and the defendant's affidavit admitting to having been previously deported.

In response, the defendant does not argue that the deportation proceeding did not, in fact, take place. Rather, the defendant states that the "document [Exhibit 11] is a valid and proper and foundational part of the deportation proceedings of the defendant and as such is clearly relevant." (Doc. #64 at 3.) Thus, the defendant argues that all of Exhibit 11 should have been admitted. The defendant, however, fails to cite any case law to support any of his arguments.[6]

In addition, the defendant argues that "the mere fact that a [physical] removal of the defendant occurred is not proof of deportation without further documentation." *Id.* On this point, the defendant is correct. As stated previously, the element of prior deportation requires proving that physical removal <u>and</u> deportation proceedings occurred. The defendant's only argument to dispute whether deportation proceedings occurred is to point to the fact that one of the deportation documents was not signed. However, the fact of the lack of a signature on one document fails to demonstrates that a rational juror could not find that the deportation proceedings actually took place. The lack of a signature does not address the objective fact of whether the defendant was deported. Accordingly, the defendant's motion for new trial

---

[6] The government alternatively argues that Exhibit 11 is not relevant. (Pl.'s Resp. 4-5.) Because the Court concludes the defendant's Motion fails on other grounds, the Court will not address this issue.

- 5 -

on the basis that there was insufficient evidence to prove the prior deportation element will be denied.

Although the defendant frames the issue as sufficiency of evidence, the substance of the argument appears to be a collateral attack on the prior deportation because the argument does not address the elements of the offense; rather, the defendant's argument addresses the legality of his prior deportation. To collaterally attack a prior deportation, a defendant must prove: (1) he was effectively deprived of his right to a judicial review of the deportation order; (2) the deportation proceedings were fundamentally unfair; and (3) he has exhausted any administrative remedies that may have been available to seek relief against the deportation order. 8 U.S.C. § 1326(d); *United States v. Mendoza-Lopez*, 481 U.S. 839 (1987).[7] Ultimately, the defendant appears to argue that the prior deportation was flawed because the Notice of Intent was missing necessary signatures. But this evidence does not weigh on the fact of whether the deportation proceeding did, or did not, take place. This evidence addresses the legality of his prior deportation. Thus, this argument fails because the defendant does not satisfy the requirements for collateral attack.

**IV. CONCLUSION**

The Court agrees with the government that the evidence introduced at trial was sufficient for a reasonable juror to find the necessary elements of a § 1326 offense. The government is only required to prove that the deportation proceedings actually took place and it has satisfied this burden with evidence sufficient for a rational trier of fact to make that finding beyond a reasonable doubt.

///

///

///

---

[7] The Ninth Circuit Court of Appeals frames the first two prongs as requiring a defendant to show that his due process rights were violated by defects in the underlying deportation proceeding, and that he suffered prejudice as a result of the defects. *U.S. v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000).

Accordingly,

**IT IS ORDERED** that Defendant's Motion for New Trial (Doc. #64) is **denied**.

DATED this 2nd day of November, 2009.

```
                    James A. Teilborg
                    United States District Judge
```